IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

FELICIA Y. BENJAMIN, *et al.*,

    Plaintiffs,

vs.

Nationwide Lending Corp., *et al.*,

    Defendants.

Civil Action No.   AW-08-2511

\*\*\*\*\*\*

## MEMORANDUM OPINION

Pending before the Court is Plaintiffs' request for default judgment and damages against the remaining Defendant, Nationwide Lending Corp, concerning Defendant's alleged violations of the Truth in Lending Act. The Court conducted an ex parte hearing on Plaintiffs' request for damages on December 18, 2009. At the conclusion of the hearing, the Court ordered Plaintiffs to provide further support and authority concerning the amount of damages sought in this matter, which Plaintiffs' counsel provided on January 4, 2010. Subsequently, the Court requested further clarification on Plaintiffs' request, which Plaintiffs' counsel submitted on January 27, 2010. The Court has reviewed the materials provided by Plaintiffs, purportedly supporting their request for damages, and the Court finds that Plaintiffs have not sufficiently convinced the Court that they are entitled to the application of the rescission remedy under the Truth in Lending Act and to the return of their finance and interest payments. Accordingly, Plaintiffs' request for damages is DENIED.

## FACTUAL BACKGROUND

Plaintiffs Felicia and Craig Benjamin ("Benjamins") filed this claim for violation of the Truth in Lending Act, in the Circuit Court for Prince George's County, Maryland on August 14, 2008, against Defendants Countrywide Home Loans, Inc.; Select Portfolio Servicing, Inc.; and

Nationwide Lending Corp ("Nationwide").  Countrywide Home Loans, Inc., with the consent of the co-defendants, removed the case to this Court because the claims arise under a federal law.

The Plaintiffs obtained two loans on August 26, 2006, and used their residence as collateral, from Nationwide.[1]  The first loan was for $514,400.00 which Plaintiffs believe was subsequently assigned to Countrywide Home Loans, Inc.  The second loan was for $128,600.00, and believed to have been assigned to Select Portfolio Servicing, Inc.  Plaintiffs allege that Defendant Nationwide provided Plaintiffs with notice of the right to cancel their contract but failed to inform them of when the right to cancel must be exercised.  The Plaintiffs also claim that Defendant Nationwide provided them with only one copy of this disclosure, instead of four as required by the statute.  Plaintiffs assert that they provided Defendant notice of their election to rescind, although Plaintiffs do not clearly specify the date that they sent Defendant notice of rescission,[2] and alleged that they will tender any amounts due to Defendant.  The Plaintiffs' complaint states that they intend to ask the Court to create a schedule for their tender of the loan amounts by way of a refinancing or sale of the property.  Defendants have not tendered a release of the deed of trust or repaid Plaintiffs' finance charges.  Plaintiffs also allege that the Defendants are reporting the amount of the loan inaccurately, but did not specify.

Plaintiffs filed a Stipulation of Dismissal as to Countrywide Home Loans, Inc. and Select Portfolio Servicing, Inc. on December 1, 2008, which the Court approved on December 2, 2008.  The remaining Defendant, Nationwide, was granted an extension of time to answer the complaint, which it filed on December 1, 2008.  Defendant's counsel withdrew their appearance, at the request of Nationwide, which the Court ordered on August 18, 2009.  The clerk's office

---

[1] Plaintiff described these loans as mortgage refinancing loans.
[2] In response to the Court's inquiry for the date of the alleged violations, the Plaintiffs responded that the alleged violations occurred on August 26, 2006.  The Plaintiffs only indicate that they sent notice of recession within one year of filling their action, but do not provide an exact date.

sent a letter to Nationwide on August 19, 2009, informing it of the need to enter the appearance of new counsel in accordance with Local Rule 101.2. On November 11, 2009, the Court issued a Show Cause ordering Nationwide to explain its failure to enter the appearance of new counsel within 30 days after withdrawal of its counsel. Nationwide never responded to the Show Cause, and thus the Court entered a Default Order against it on November 30, 2009. Given the nature of the claims, damages are unliquidated, and thus the Court held an ex parte hearing on damages on December 18, 2009. Plaintiffs complaint sought relief under 15 U.S.C. § 1640 or other applicable statutory laws, including confirmation of the automatic rescission of any security instruments under 15 U.S.C. § 1635(a)."[3] The Plaintiffs' complaint also sought costs, attorney's fees, and any other relief needed. However, during the ex parte hearing on damages and Plaintiffs' subsequent memorandums in support of their damages, Plaintiffs represent that they are not seeking statutory damages, but instead seek monetary damages in the amount of $117,053.00 consisting of finance charges in the amount of $11,410.94 and interest paid by Plaintiffs on the loan in the amount of $105,643.00.

## **ANALYSIS**

The purpose of the Truth in Lending Act ("TILA") is to help consumers become more aware of the cost of using credit by requiring creditors to make certain disclosures. 15 U.S.C. § 1601 (2006); *see Castrillo v. Am. Home Mortgage Servicing, Inc.*, No. 09-CV-4369, 2009 WL 3837876, *8 (E.D. La. Nov. 16, 2009). Under TILA, a borrower has two remedies for loan disclosure violations which are: (a) the right to rescind the credit transaction, and (b) the right to civil damages. TILA gives a borrower the right to rescind any credit transaction in which a security interest is created in the borrower's home. Id. at §1635, § 1640. If the creditor violates

---

[3] The complaint also sought relief in the alternative against Defendants Countrywide and Select Portfolio Inc. under § 1641. However, those parties have been dismissed from the case.

certain disclosure requirements, a claim for rescission must be brought within three years "after the date of consummation of the transaction or upon sale of the property, whichever occurs first," while a claim for statutory damages must be brought within one year "from the date of the occurrence of the violation." §§ 1635(f), 1640(e).  The Plaintiffs represented in their responses to the Court's inquires, that they are not seeking statutory damages, although their compliant referenced the statutory damages section, and appear to only seek the return of finance charges and interest paid under § 1635(b).

**I.    Right to a Rescission of the Home Mortgage Refinance Loans.**

When the consumer obtains credit with a security interest, the TILA provides that the consumer has "until midnight of the third business day" to rescind the contract following either: (1) consummation of the transaction; (2) delivery of the rescission notice; or (3) delivery of all material disclosures, whichever occurs last.  15 U.S.C. § 1635(a); 12 C.F.R. § 226.23(a)(1)(3).  The creditor is also required to "clearly and conspicuously" disclose to the obligor the rights provided under the statute.  15 U.S.C. § 1635.  Regulation Z, as codified in 12 C.F.R. 226.1, provides that for transactions that are eligible for rescission, the creditor must provide the obligor with the following:

> (i)    The retention or acquisition of a security interest in the consumer's principal dwelling;
>
> (ii)   The consumer's right to rescind the transaction;
>
> (iii)  How to exercise the right to rescind, with a form for that purpose, designating the address of the creditor's place of business;
>
> (iv)   The effects of rescission, as described in paragraph (d) of this section; and
>
> (v)    *The date the rescission period expires*.

12 C.F.R. § 226.23(b) (emphasis added).  The creditor is also to provide each consumer with two copies of the notice to rescind.  *Id.*  When the creditor fails to make the required disclosures, the obligor's right to exercise the rescission is extended to three years.  *Castrillo*, 2009 WL 3837876, at *7.  However, the right to rescind does not apply to certain situations where: (1) the transaction is to obtain money to purchase or finance a residential residence; (2) the transaction "constitutes a refinancing or consolidation" of the principal balance"; (3) a State agency is a creditor; or (4) to "advances under a preexisting open end credit plan if a security interest has already been obtained . . . ."  *Id.*

Plaintiffs allege that they obtained two home refinance loans from Defendant Nationwide Lending Corp., the creditor, on August 26, 2006, in the amount of $514,400.00 and $128,600.00. Plaintiffs explained that Alliance Lending Group, LLC was the creditor for the two loans that were paid off by these refinance loans.  Thus, Plaintiffs refinance loans do not appear to fall within the second exemption of the right to rescind.  *See Castrillo*, 2009 WL 3837876, at *8 (explaining that the right to rescind does not apply where the refinancing loan is by the same creditor but "may be available with respect to a refinancing of a residential mortgage by a *different* creditor") (citations omitted).  Plaintiffs argue that Defendant Nationwide, as creditor for the refinance loans, violated the TILA by failing to provide them with notice of when the right to rescind the transactions expired and by providing Plaintiffs with only two copies of the notice to rescind as opposed to four copies as required.  Plaintiffs claim that they sent notice to Defendant Nationwide of their election to rescind, but did not provide the Court with the date of their rescission notice or a copy of the notice.

Generally, the framework for the rescission procedure under the TILA requires that the creditor, within 20 days from the obligor's notification of rescission, return any money the

obligor provided and to take action to terminate the security interest. *Id.* After the creditor performs its obligation under the TILA, the obligor must tender any property back to the creditor and if impracticable or inequitable, the obligor shall tender the reasonable value. *Id.* However, under Fourth Circuit precedent the right to rescind "remains an equitable doctrine subject to equitable considerations." *Am. Mortgage Network, Inc. v. Shelton*, 486 F.3d 815, 819 (4th Cir. 2007) (explaining that notwithstanding the Fourth Circuit's decision in *Mars v. Spartanburg Chrysler Plymouth, Inc.*, 713 F.2d 65 (4th Cir. 1988)), that the TILA must be "absolutely complied with and strictly enforced," the Court did not intend to "imply, . . ., that the Act's requirements should not be reasonably construed and equitably applied").

As articulated by the Fourth Circuit, "the equitable goal of rescission under the TILA is to restore the parties to the 'status quo ante.'" *Shelton*, 486 F.3d at 820 (citations omitted). Thus, the Fourth Circuit in Shelton refused to reverse the district court's decision that the plaintiffs were not entitled to rescission, especially were the plaintiffs admitted that they were unable to repay the loan and had not made any payments on the loan during the year after "exercising the cancellation of the loan." *Id.* at 821 (agreeing with "the majority of the reviewing courts" that rescission is not automatic under the TILA and "may be judicially conditioned on the debtor's tender of the amount due under the loan") (citing *Yamamoto v. Bank of N.Y.*, 329 F.3d 1167 (9th Cir. 2003)). Moreover, federal districts in California have held that the district court has discretion to condition its grant of rescission of a loan on the borrower's tender of the amount due under the loan, or at least on an adequate showing that the borrower can repay the loan. See *Mangindin v. Washington Mut. Bank*, 637 F. Supp. 2d 700, 706 (N.D. Cal. 2009) (holding that plaintiffs' failure to allege an attempt to tender, or the ability to tender,

the value of the property precluded plaintiffs from adequately showing they were entitled to rescission); *Reyes v. Premier Home Funding, Inc.*, 640 F. Supp. 2d 1147, 1158 (N.D. Cal. 2009).

Here, the Plaintiffs seek a return of all finance charges and interest payments made under the loans, totaling $117,053.00. However, this case appears substantially similar to *Shelton*. The facts, as presented to the Court, appear to be too tenuous to aid the Court in finding that recession of the refinance loans would be equitable in this case. For instance, the Plaintiffs' complaint merely alleges that they "will tender any amounts that may be due after the Defendants have performed their obligations . . . ." (Compl. ¶ 24). Yet all of the circumstances surrounding the case make it impracticable, if not unlikely, that Plaintiffs will be able to meet its obligation under the equitable remedy of recession, specifically repayment of the loan principal.

First, the Plaintiffs appear to have defaulted on the loan in January 2009, although they remained in the home until July 2009. Second, the loans have been assigned to other mortgage companies and whether these loans are subject to foreclosure is unclear. Third, Plaintiffs represented to the Court that they have deducted the interest paid on the loans in past tax returns, leaving some question of the extent that these tax benefits have on placing the parties in the status quo ante. Lastly, Plaintiffs have made no definite offer, other than suggesting a short sale, to repay the loans. All of these circumstances make it unlikely that a grant of the recession remedy under the TILA would serve the purpose of placing the parties in their respective positions before the execution of the loans. Accordingly, the Court has reservations that a recession in this case would be equitable and denies Plaintiffs' request for damages.

## **CONCLUSION**

For the foregoing reasons, the Court DENIES Plaintiffs request for damages in this Truth in Lending Act action. A separate Order shall follow this Memorandum Opinion.

February 16, 2010                                                                                               /s/
       Date                                                                                     Alexander Williams, Jr.
                                                            United States District Court Judge